UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE ANN NAUGHRIGHT,

    Plaintiff,

v.                                                         Case No. 8:05-cv-637-T-24 TBM

PEYTON MANNING,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Stay Discovery (Doc. No. 16), which Plaintiff opposes (Doc. No. 21). Also before the Court is Plaintiff's Motion to Extend Time to Respond to Defendant's Motion for Summary Judgment. (Doc. No. 31). The Court addressed these motions at the preliminary pretrial conference that was held on May 18, 2005.

Defendant requests that the Court stay discovery until the Court rules on his motion for summary judgment. Defendant argues that all of the discoverable evidence necessary to resolve the motion for summary judgment (i.e., the tape of the ESPN program and the tape of the uncut interview of Defendant) is already before the Court, and as such, no discovery is necessary in order to fully resolve Plaintiff's claim. Plaintiff requests an extension of time to respond to the motion for summary judgment, in part, so that she can conduct discovery in order to respond to Defendant's motion for summary judgment.

Matters pertaining to discovery are committed to the discretion of the Court. See Patterson v. U.S. Postal Service, 901 F.2d 927, 929 (11th Cir. 1990). Upon review of the motions, responses thereto, and argument of counsel, the Court finds that the motion to stay

discovery should be granted. Plaintiff has not shown that she will be prejudiced by staying discovery until the Court rules on Defendant's motion for summary judgment. In his motion for summary judgment, Defendant simply argues that Plaintiff has no evidence that Defendant violated their settlement agreement. After viewing the videotapes at issue and deciding to go forward against Defendant, Plaintiff should already have some sort of evidence (or at least be able to articulate a reasonable basis to believe that such evidence exists) to support her claim against Defendant. As such, the Court finds that discovery is not likely to produce a genuine issue of material fact, and therefore, staying discovery until the Court rules on Defendant's motion for summary judgment is appropriate.

>Furthermore, the Court notes:
>
>The party opposing the motion for summary judgment by Rule 56(f) must state specific facts explaining its failure to respond to the motion for summary judgment with affidavits showing a genuine issue of material fact for trial. That party may not simply rely on vague assertions that additional discovery will produce needed but unspecified facts, but must indicate how [additional discovery will permit the party] . . . to rebut the movant's contentions.

Williams v. Orange County, FL, 783 F. Supp. 1348, 1352 (M.D. Fla. 1992)(internal citations omitted). Plaintiff states in her motion to extend time that she needs to conduct discovery in order to determine what statements were made outside of the interview, whether or not the questions and answers were concocted to avoid liability under the settlement agreement, and whether there were discussions between Defendant and/or his agents and ESPN regarding the depiction of Plaintiff in the ESPN program. At the hearing, Plaintiff could not articulate what evidentiary basis she has for believing that any of the foregoing may be true. Instead, Plaintiff appears to want to conduct discovery to see of any of these theories could possibly be true. As

such, Plaintiff has not shown that there is reason to believe that allowing discovery will produce a genuine issue of material fact or that she will be prejudiced by this Court granting the motion to stay discovery.

    Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Defendant's Motion to Stay Discovery (Doc. No. 16) until this Court rules on Defendant's Motion for Summary Judgment is **GRANTED**; and

(2)     Plaintiff's Motion to Extend Time to Respond to Defendant's Motion for Summary Judgment (Doc. No. 31) is **GRANTED** to the extent that the Court will extend the deadline for responding to Defendant's Motion for Summary Judgment to July 1, 2005.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of May, 2005.

*[Signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

3